# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

    Plaintiff,

v.

BOYLAND AUTO BGMC, LLC,
GENERAL MOTORS, KUNES BUICK
GMC, AUTOMOTIVE EXPERTS LLC,
NATIONAL BUSINESS BROKERS,
DORIAN BOYLAND, and
KAUFMAN DOLOWICH,

    Defendants.

Case No. 24-CV-765-JPS

**ORDER**

    In June 2024, Plaintiff William Louis Armstrong ("Plaintiff"), proceeding pro se, sued Defendants Boyland Auto BGMC, LLC, General Motors, Kunes Buick GMC, Automotive Experts LLC, National Business Brokers, Dorian Boyland, and Kaufman Dolowich for violations of both state and federal law. ECF No. 1. He also moved for leave to proceed in forma pauperis. ECF No. 2.

    In July 2024, the Court entered an order noting that it would defer addressing Plaintiff's motion for leave to proceed in forma pauperis and the process of screening his complaint pending resolution of a threshold issue: Plaintiff's characterization of his case as a class action and his request for class certification. ECF No. 5 at 1 (citing ECF No. 1 at 2–3). "[T]he Court cannot entertain Plaintiff's request for class certification at this juncture," the Court wrote, "because Plaintiff cannot sue on behalf of a class while proceeding pro se." *Id.* at 2 (citing *Rutledge v. Lane*, No. 98-1797, 2000 U.S.

App. LEXIS 11852, at *12 (7th Cir. May 25, 2000)). Plaintiff could "either obtain legal representation to attempt to pursue class certification, or he c[ould] choose to proceed pro se on behalf of only himself." *Id.* The Court instructed Plaintiff to inform the Court as to which option he intended to pursue.

Now before the Court is Plaintiff's response to that order. ECF No. 6. Plaintiff confirms that he intends to sue on behalf of a putative class and that he was conscientious of filing his action before the expiration of any relevant statute of limitations. *Id.* He also characterizes himself as more "of a next friend with respect to those other putative class members" than as a pro se plaintiff, and he writes that he "intend[s] to obtain counsel." *Id.* In any event, he writes that he is "not able to proceed" with the case right now because "outside factors have significantly limited the resources that [he has] been able to devote to preparing" for the case. *Id.* He requests a stay or, alternatively, that a guardian ad litem or "interim counsel" be assigned for the putative class. *Id.*

Unfortunately, the Court is unable to grant Plaintiff the relief he now requests. It cannot stay this case indefinitely until Plaintiff is ready to proceed with it. "The decision to grant a motion to stay proceedings is within the court's discretion." *Veltze v. Bucyrus-Erie Co.*, 791 F. Supp. 1363, 1365 (E.D. Wis. 1992) (citing *S.E.C. v. Joseph Schlitz Brewing Co.*, 452 F. Supp. 824 (E.D. Wis. 1978)). Plaintiff gives no indication as to when he expects to be prepared to proceed with the case. It would not be a wise exercise of the Court's discretion to grant a stay for which the end point is unclear.

Nor can the Court, at least at this juncture, grant Plaintiff's request that the Court appoint counsel to represent him and the putative class. 28 U.S.C. § 1915 provides that the court may request an attorney to represent

Page 2 of 4
Case 2:24-cv-00765-JPS    Filed 07/30/24    Page 2 of 4    Document 7

a person unable to afford counsel. When confronted with such a request, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1992)).

Even assuming arguendo that Plaintiff meets the indigency requirement, he has not demonstrated that he has "made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so." *Id.* It would therefore be an abuse of the Court's discretion to grant Plaintiff's request for appointment of counsel at this juncture.

In light of the foregoing, Plaintiff may choose to pursue one of several options. First, and as the Court previously noted, he can choose to continue on a pro se basis solely on behalf of himself. Second, he can obtain representation on his own and attempt, through retained counsel, to seek class certification. Third, he can renew his request for appointment of pro bono counsel, bearing in mind not only that he must demonstrate that he meets the standard for such an appointment, but also that the likelihood of successfully obtaining pro bono counsel is extremely low. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020).

Plaintiff has until **September 13, 2024** to either (1) file a notice with the Court indicating that he intends to proceed on a pro se basis solely on behalf of himself; (2) file a notice with the Court indicating that he has obtained counsel on his own; or (3) file a renewed motion for appointment of counsel, if warranted. Failure to timely undertake one of these three courses of action will result in dismissal of this case.

Plaintiff has indicated that, "beyond commencing the action and asking for a stay, [he is] not well positioned to" litigate this case "right now." ECF No. 6 at 1. Unfortunately, that is not how litigation works; Plaintiff initiated this action, and he now has the responsibility of prosecuting it appropriately.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's request for a stay, ECF No. 6, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's request for appointment of "interim counsel," ECF No. 6, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, on or before **September 13, 2024**, Plaintiff William Louis Armstrong shall either (1) file a notice with the Court indicating that he intends to proceed on a pro se basis solely on behalf of himself; (2) file a notice with the Court indicating that he has obtained counsel on his own; or (3) file a renewed motion for appointment of counsel, if warranted. Failure to timely undertake one of these courses of action will result in dismissal of this case.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge