UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM LOUIS ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>BOYLAND AUTO BGMC, LLC,<br>GENERAL MOTORS, KUNES BUICK<br>GMC, AUTOMOTIVE EXPERTS LLC,<br>NATIONAL BUSINESS BROKERS,<br>DORIAN BOYLAND, and<br>KAUFMAN DOLOWICH,<br><br>Defendants. | Case No. 24-CV-765-JPS<br><br>**ORDER** |

1. **INTRODUCTION AND BACKGROUND**

In June 2024, Plaintiff William Louis Armstrong ("Plaintiff"), proceeding pro se, sued Defendants Boyland Auto BGMC, LLC, General Motors, Kunes Buick GMC, Automotive Experts LLC, National Business Brokers, Dorian Boyland, and Kaufman Dolowich for violations of both state and federal law. ECF No. 1. He also moved for leave to proceed in forma pauperis. ECF No. 2.

In July 2024, the Court entered an order noting that it would defer addressing Plaintiff's motion for leave to proceed in forma pauperis and the process of screening his complaint pending resolution of a threshold issue: Plaintiff's characterization of his case as a class action and his request for class certification. ECF No. 5 at 1 (citing ECF No. 1 at 2–3). "[T]he Court cannot entertain Plaintiff's request for class certification at this juncture," the Court wrote, "because Plaintiff cannot sue on behalf of a class while

proceeding pro se." *Id.* at 2 (citing *Rutledge v. Lane*, No. 98-1797, 2000 U.S. App. LEXIS 11852, at *12 (7th Cir. May 25, 2000)). Plaintiff could "either obtain legal representation to attempt to pursue class certification, or he c[ould] choose to proceed pro se on behalf of only himself." *Id.* The Court instructed Plaintiff to inform the Court as to which option he intended to pursue.

Plaintiff filed a response to the Court's order in which he confirmed that he intended to sue on behalf of a putative class. ECF No. 6. He also wrote that he "intend[ed] to obtain counsel," but that he was "not able to proceed" with the case at this juncture because "outside factors have significantly limited the resources that [he has] been able to devote to preparing" for the case. *Id.* He requested an indefinite stay of proceedings or, alternatively, that a guardian ad litem or "interim counsel" be appointed for the putative class. *Id.*

The Court entered another order, noting that it was unable to grant Plaintiff the relief he sought in his letter. ECF No. 7 at 2. The Court declined to "stay this case indefinitely until Plaintiff is ready to proceed with it," and it further noted that it could not, at that point and on the record before it, grant Plaintiff's request for appointment of counsel. *Id.* In evaluating a request for appointment of counsel, the Court wrote, it must consider both whether "the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so" and whether "given the difficulty of the case, . . . the plaintiff appear[s] competent to litigate it himself." *Id.* at 3 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). "Even assuming arguendo that Plaintiff meets the indigency requirement," the Court further wrote, "he has not demonstrated that he has 'made a reasonable attempt to obtain counsel or [has] been effectively

Page 2 of 13
Case 2:24-cv-00765-JPS    Filed 09/23/24    Page 2 of 13    Document 10

precluded from doing so.'" *Id.* (quoting *Pruitt*, 503 F.3d at 654–55). The Court accordingly gave Plaintiff until September 13, 2024 to either

> (1) file a notice with the Court indicating that he intends to proceed on a pro se basis solely on behalf of himself; (2) file a notice with the Court indicating that he has obtained counsel on his own; or (3) file a renewed motion for appointment of counsel, if warranted.

*Id.*

Now before the Court is Plaintiff's response to the Court's most recent order. ECF No. 8. In it, he renews his request for appointment of counsel, *id.* at 2–4, 10, or, in the alternative, renews his request for a stay, *id.* at 4–5, and makes various other requests.[1]

Civil litigants such as Plaintiff have "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018) (citing *Pruitt*, 503 F.3d at 649). The Court may, however, in its discretion, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Given that indigency requirement, the Court begins by addressing Plaintiff's motion for leave to proceed in forma pauperis, as supplemented by his September 12, 2024 filing. ECF Nos. 2, 9.[2]

---

[1] He also proceeds to address several matters that are not yet before the Court, including the matter of class certification, ECF No. 8 at 7–8. The Court declines to address these matters at this preliminary juncture.

[2] Some of the images scanned and inserted into this September 12, 2024 filing are too small to be legible. *See* ECF No. 9 at 2, 3. In the future, should Plaintiff need to include reference to another document, he should attach the document to the filing rather than inserting a screengrab of the document into the filing itself.

## 2. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

"The federal in forma pauperis statute, 28 U.S.C. § 1915,[3] is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Plaintiff avers that he is unemployed and unmarried. ECF No. 2 at 1. Plaintiff receives $925 per month in social security disability benefits, his access to which is limited by a payee. *Id.* at 2, 4. He has also received roughly $310 from birthday and Christmas gifts and $1,440 from a "personal

---

[3]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

physical sickness partial settlement." *Id.* at 2. He has roughly $1,085 per month in expenses, including rent and credit card payments. *Id.* at 2–3. He does not own a vehicle or any other property of notable value. *Id.* at 3. He has roughly $320 in cash and $500 in savings. *Id.*; *see also* ECF No. 9 at 2. Given the foregoing, the Court is satisfied that Plaintiff is indigent. The Court also cannot conclude at this early juncture that Plaintiff's suit "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Accordingly, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis, and it considers him indigent for purposes of his motion for appointment of counsel, as discussed further *infra* Section 3.

### 3. MOTION FOR APPOINTMENT OF COUNSEL UNDER § 1915(e)

The Court proceeds to the remainder of the appointment of counsel analysis. As the Court previously noted, in evaluating a request for appointment of counsel the Court must consider both whether "the indigent plaintiff [has] made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so" and whether "given the difficulty of the case, . . . the plaintiff appear[s] competent to litigate it himself[.]" *Pruitt*, 503 F.3d at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). Whether the plaintiff has reasonably attempted to obtain counsel on his own, or has been effectively precluded from doing so, is "a threshold question the district court must ask." *Id.* at 655.

Plaintiff has reasonably attempted to obtain counsel on his own. He asserts that he unsuccessfully sought representation from various attorneys and law firms and that he also contacted several organizations seeking referrals. ECF No. 8 at 2.

The Court next considers whether "given the difficulty of the case, . . . the plaintiff appear[s] competent to litigate it himself." *Pruitt*, 503 F.3d at 654–55 (citing *Farmer*, 990 F.2d at 321–22). "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Id.* at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006) (internal quotation marks omitted)). "Rather, the question is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* "This inquiry does not focus solely on the plaintiff's ability to *try* his case—it also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt*, 503 F.3d at 655). With respect to this element, the Court "will normally take into consideration the plaintiff's literacy, communication skills, education level, and litigation experience," as well as his "intellectual capacity and psychological history," to the extent such information appears in the record. *Pruitt,* 503 F.3d at 655.

The Court cannot conclude that Plaintiff is not competent to litigate this case himself (to the extent that he is authorized to do so on a pro se basis, i.e., only as an individual and not on behalf of a class). *See Rutledge,* 2000 U.S. App. LEXIS 11852, at *12. In July 2024, Plaintiff asserted that he was "not well positioned to" litigate the case on his own because he was "unwell" and that "outside factors have significantly limited the resources that [he has] been able to devote to" this case, but he did not elaborate. ECF No. 6. For a layperson, Plaintiff demonstrates a surprisingly adept grasp of legal concepts and terminology, and his filings are far more articulate than

those typically received by the Court from pro se litigants. Plaintiff has expressed concern regarding filing his putative class action before the expiration of any applicable statutes of limitation, *id.*; protecting the fiduciary interests of members of the putative class, ECF No. 8 at 3; the difference between a dismissal with prejudice versus without, *id.* at 6; and similar topics of which pro se litigants are not typically familiar or versed. Indeed, he asserts that he has "been busy preparing the claim" and "making sure [that] [he is] competent [to litigate the case] in case . . . whoever [the Court] assign[s] is a putz." *Id.* at 3, 5. He has demonstrated an ability thus far to timely respond to the Court's directives and to seek clarification when necessary. He also references prior litigation experience in state small claims court. *Id.* at 5. The Court lacks clear information going to Plaintiff's education level and psychological state. Nevertheless, upon its evaluation of the available record at this juncture, the Court cannot conclude that Plaintiff lacks the capacity to handle his own case. Accordingly, it will deny without prejudice his request for appointment of counsel under § 1915(e).

4. **MOTION FOR APPOINMENT OF INTERIM COUNSEL UNDER RULE 23**

Plaintiff has also referenced seeking "interim counsel" to protect the putative class. ECF No. 6. For the reasons discussed herein, designation of interim counsel in this case is not appropriate.

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Court may designate interim counsel "where there are 'overlapping, duplicative, or competing class suits . . . pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members.'" *Kucinsky v. IDOC*, No. 23-cv-342-

Page 7 of 13
Case 2:24-cv-00765-JPS   Filed 09/23/24   Page 7 of 13   Document 10

RJD, 2024 U.S. Dist. LEXIS 83331, at *3 (S.D. Ill. May 7, 2024) (quoting *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 U.S. Dist. LEXIS 164895, at *1 (N.D. Ill. May 30, 2020)); *see also In re Midwestern Pet Foods Mktg.*, No. 3:21-cv-00007-RLY-MPB, 2021 U.S. Dist. LEXIS 271533, at *7 (S.D. Ind. July 7, 2021) (same) (quoting *Bartling v. Apple Inc.*, Nos. 518:cv-00147-EJD and 5:18-cv-00271-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018)). "Rule 23 does not purport 'to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification . . . .'" *Id.* at *3–4 (quoting *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015)).

Plaintiff has not demonstrated that designation of interim counsel is appropriate in this case and at this juncture; he has not pointed to any "overlapping, duplicative, or competing class suits . . . pending before" the Court, and the Court is not independently aware of any. *Id.* The Court will accordingly deny without prejudice Plaintiff's request for designation of interim counsel. ECF No. 6.

## 5. MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM OR NEXT FRIEND

Plaintiff also directs the Court to Federal Rule of Civil Procedure 17(c)(2), which provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." ECF No. 8 at 4. The putative class is "just shy of one hundred thousand households," Plaintiff reasons, and so it almost certainly includes "people who are incompetent[] or juveniles" to whom a guardian ad litem or next friend should be appointed. *Id.*

As Plaintiff notes, the Rule's language is mandatory. *Id.* at 3. However, its "mandate is limited to cases where a minor (or incompetent)

is a party to a suit and is not represented." *In re Chicago, Rock Island & Pac. Ry.*, 788 F.2d 1280, 1282 (7th Cir. 1986) (citing *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958)). The rule "does not impose . . . a duty to appoint guardians for all *potential litigants* who may be incompetent by reason of youth or mental condition to represent themselves." *Id.* (emphasis added). The individuals to whom Plaintiff points are, if anything, potential litigants, not actual parties. Their existence and identities are, at this point, entirely speculative. The Court will accordingly deny without prejudice this motion.

6.      **MOTION TO STAY**

In the event that his motion for appointment of counsel is denied, Plaintiff alternatively renews his request that the case be stayed, at least in part to obtain counsel. ECF No. 8 at 4–5. He requests "at least up to the four year statute of limitations for federal [RICO claims], but ideally up to the six year statute of limitations for the Wisconsin [RICO claims]." *Id.* at 5. He argues that there is "a shortage of lawyers," only some of whom "work class action," and "most of them don't work [RICO]." *Id.* Plaintiff asserts that the roughly two-month period that the Court initially afforded him within which to attempt to obtain counsel was "not a reasonable amount of time" and that he should be granted "at least a year." *Id*. at 10.

As the Court previously noted, "[t]he decision to grant a motion to stay proceedings is within the court's discretion." ECF No. 7 at 2 (quoting *Veltze v. Bucyrus-Erie Co.*, 791 F. Supp. 1363, 1365 (E.D. Wis. 1992)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "That inherent authority includes the power to stay

proceedings where the party seeking the stay would be spared 'hardship or inequity,' the prejudice to the non-movant would be comparatively minor, and the stay would significantly advance judicial economy." *Freed v. Friedman*, 215 F. Supp. 3d 642, 657 (N.D. Ill. 2016) (quoting *Landis*, 299 U.S. at 255). "[A] stay of indefinite duration" is an abuse of discretion "in the absence of a pressing need." *Landis*, 299 U.S. at 255.

The Court will grant Plaintiff until **November 22, 2024** to attempt to obtain counsel. He will accordingly have had roughly five months since the initiation of his case within which to obtain counsel and over "two years" since he began "preparing the claim" in this case. ECF No. 8 at 3. While the Court sympathizes with Plaintiff's perceived lack of available counsel equipped to litigate this putative class action, *see id.* at 5, the Court must bear in mind its own heavy case load and its—and Plaintiff's—duty to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court cannot conclude that granting Plaintiff any additional time beyond that which it grants herein would "significantly advance judicial economy." *Freed*, 215 F. Supp. 3d at 657 (citation omitted). Plaintiff's renewed motion to stay is accordingly granted only in part. No further extension of this stay will be considered or granted.

### 7. MOTION FOR SERVICE

Lastly, Plaintiff expresses "concerns about the continued existence of Boyland Auto BGMC[] [LLC] for the purposes of service" and so requests that the Court promptly order service of process, or provide him with "a return date so that [he] can complete the summons" and effectuate service of process himself. ECF No. 8 at 9.

The Court will deny this request. As discussed *supra* Section 2, Plaintiff now proceeds in forma pauperis pursuant to § 1915(a). That being

Page 10 of 13
Case 2:24-cv-00765-JPS   Filed 09/23/24   Page 10 of 13   Document 10

the case, the Court is obligated to screen Plaintiff's complaint. *Estrada v. Reed*, 346 F. App'x 87, 90 (7th Cir. 2009) (citing 28 U.S.C. § 1915(e)(2) and *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002)). Service of process should therefore be deferred until after the conclusion of the limited stay authorized herein and until after the Court has had an opportunity to screen Plaintiff's complaint or, if applicable, amended complaint, *see infra* Section 8. Plaintiff can rest assured knowing that the Court will endeavor to accomplish that end as expediently as practicable.

**8.    CONCLUSION**

As discussed herein, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis. It will, however, deny his requests for appointment of counsel under § 1915(e), for designation of interim counsel, for designation of a guardian ad litem or next friend under Rule 17(c)(2), and for prompt effectuation of service of process. To the extent that Plaintiff requests additional time within which to attempt to obtain counsel, that request is granted in part. On or before **November 22, 2024**, Plaintiff shall either (1) obtain counsel and have counsel enter a notice of appearance in this matter on behalf of the putative class, or (2) file an amended complaint setting forth his claims solely on behalf of himself rather than on behalf of a putative class. If Plaintiff fails to timely complete either of these two courses of action, the Court will dismiss his case without prejudice and without further notice.

If Plaintiff files an amended complaint, it will become the operative complaint in this matter, and the Court will screen it in accordance with 28 U.S.C. § 1915. Any such amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Any amended complaint must be complete in and of itself, without reference to

the prior complaint or other filings. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). If any such amended complaint received by the Court continues to purport to be on behalf of a putative class, the Court will strike it from the record and/or order that this case be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's request for appointment of counsel, ECF No. 8 at 4, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's request for designation of interim counsel, ECF No. 6, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's request for designation of a guardian ad litem or next friend, ECF No. 8 at 4, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's request for an order mandating service of process, ECF No. 8 at 9, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's renewed motion for a stay of proceedings, ECF No. 8 at 4–5, be and the same is **GRANTED in part** as described herein; and

**IT IS FURTHER ORDERED** that, on or before **November 22, 2024**, Plaintiff William Louis Armstrong shall either (1) obtain counsel and have counsel enter a notice of appearance in this matter on behalf of the putative class, or (2) file an amended complaint setting forth Plaintiff's claims solely on behalf of himself rather than on behalf of a putative class. No further extension of time will be considered or granted. Failure to timely undertake either of these options will result in dismissal of this case without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.