# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

            Plaintiff,

v.

BOYLAND AUTO BGMC LLC,
GENERAL MOTORS, KUNES BUICK
GMC, AUTOMOTIVE EXPERTS LLC,
NATIONAL BUSINESS BROKERS,
DORIAN BOYLAND, and
KAUFMAN DOLOWICH,

            Defendants.

Case No. 24-CV-765-JPS

## ORDER

In September 2024, the Court granted Plaintiff William Louis Armstrong ("Plaintiff") an extension of time within which to either "(1) obtain counsel and have counsel enter a notice of appearance in this matter on behalf of the putative class, or (2) file an amended complaint setting forth Plaintiff's claims solely on behalf of himself rather than on behalf of a putative class." ECF No. 10 at 13. The Court, having already previously afforded him additional time within which to accomplish either of those two options, ECF No. 7 at 4, informed Plaintiff that "[n]o further extension of time will be considered or granted" and that the "[f]ailure to timely undertake either of these options will result in dismissal of this case without prejudice and without further notice." ECF No. 10 at 13.

Despite that warning, Plaintiff now moves for the Court to reconsider its previous orders, for an extension of time to "fil[e] a notice of appeal in connection with [the Court's] most recent order [ECF No. 10],"

and for "provisional certification" of the putative class under Federal Rule of Civil Procedure 23(b)(3). ECF No. 11 at 1. The Court will deny these motions. Plaintiff's deadline, as set forth in the Court's September 2024 order, ECF No. 10, stands.

The Court has already extended Plaintiff's time to obtain counsel to represent the putative class or, alternatively, for Plaintiff to file an amended complaint setting forth his claims solely on behalf of himself. ECF No. 7 at 4. When it granted Plaintiff additional time yet again in September 2024, the Court clearly informed him that it would not consider any further motion for an extension of time. ECF No. 10 at 13. Plaintiff's motion for reconsideration—to the extent that it seeks to rehash that issue—is accordingly denied as violative of both the letter and spirit of the Court's September 2024 order. *See Brokaw v. Brokaw,* 128 F. App'x 527, 531 (7th Cir. 2005) (holding that it was not an abuse of district court's discretion to deny motion for extension of time when "the district court had already extended the time period once and had warned . . . that 'no further extension of time will be granted'").

The Court must also deny Plaintiff's motion for an extension of time to appeal the Court's September 2024 order. ECF No. 11 at 1. The Court cannot grant this requested extension because the Court's September 2024 order is not a final order such that it can be appealed as of right at this juncture.

> 28 U.S.C. § 1291 grants the courts of appeals "jurisdiction of appeals from all final decisions of the district courts of the United States." . . . In general, a decision is final for the purpose of § 1291 if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment.

*Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 666 (7th Cir. 1986) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981); *Catlin v. United States*, 324 U.S. 229, 233 (1945); and *St. Louis, Iron Mountain & S. R.R. Co. v. S. Express Co.*, 108 U.S. 24, 28–29 (1883)).

Nor is the Court's September 2024 order the sort of order that the Court would authorize for interlocutory appeal. 28 U.S.C. § 1292(b) provides that a district court may authorize an interlocutory appeal when the court is "of the opinion" and "state[s] in writing" that its "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court's September 2024 order—denying motions for appointment of counsel, for designation of interim counsel, for designation of guardian ad litem or next friend, and for effectuation of service of process, ECF No. 10—is not such an order. *Martin v. Gray*, No. 17-cv-1192-bhl, 2021 U.S. Dist. LEXIS 142312, at *4–5 (E.D. Wis. July 30, 2021) ("The Seventh Circuit has long held that 'an order denying a motion for appointment of counsel is not immediately appealable[,] but may be reviewed only on appeal from a final judgment.'" (quoting *Randle v. Victor Welding Supply Co.*, 644 F.2d 1064, 1067 (7th Cir. 1981) and citing *Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008))).

Lastly, the Court will deny Plaintiff's motion to provisionally certify the putative class. ECF No. 11 at 29. The Court has already informed Plaintiff that the matter of class certification is not yet before the Court. ECF No. 10 at 3 n.1. Plaintiff argues that there is "no binding precedent in Wisconsin that conclusively precludes certification of a class in a pro se action," ECF No. 11 at 29, but that is a far cry from demonstrating that certification—provisional or otherwise—is appropriate in this case at this

juncture. As the Court has now informed him several times, ECF No. 5 at 2; ECF No. 7 at 1–2; ECF No. 10 at 1–2, Plaintiff cannot represent a putative class on a pro se basis—period. *Guzman-Rivadeneira v. Dep't of Homeland Sec.*, No. 15 C 5552, 2015 U.S. Dist. LEXIS 111303, at *4–5 (N.D. Ill. July 8, 2015) ("[P]laintiff initiated this lawsuit *pro se* and purports to bring the action 'on behalf of [a class].' Plaintiff, however, is not qualified to prosecute claims on behalf of a class." (citing *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) and *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995))); *Tran v. Kriz*, No. 08-C-228, 2008 U.S. Dist. LEXIS 83269, at *3 n.1 (E.D. Wis. Mar. 21, 2008) ("[Plaintiff] is advised that he may bring his pro se complaint on behalf of himself only. Pro se litigants may not proceed on behalf of another." (citing *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001))). Until that issue is resolved, the Court will not consider class certification.

Plaintiff should consider this his final warning. Should he file any additional motion for an extension of time to either file an amended complaint setting forth his claims on behalf of only himself or to obtain counsel to represent the putative class, the Court will dismiss this action without prejudice without further notice. Similarly, if he submits any filing seeking class certification before having complied with the Court's order to either file said amended complaint or obtain counsel to represent the putative class, the Court will dismiss this action without prejudice without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong's motion for reconsideration, for an extension of time to file a notice of appeal, and

for provisional certification, ECF No. 11, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge