# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM LOUIS ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>BOYLAND AUTO BGMC LLC, GENERAL MOTORS, KUNES BUICK GMC, AUTOMOTIVE EXPERTS LLC, NATIONAL BUSINESS BROKERS, DORIAN BOYLAND, and KAUFMAN DOLOWICH,<br><br>Defendants. | Case No. 24-CV-765-JPS<br><br>**ORDER** |

In June 2024, Plaintiff William Louis Armstrong ("Plaintiff"), proceeding pro se, sued Defendants Boyland Auto BGMC LLC, General Motors, Kunes Buick GMC, Automotive Experts LLC, National Business Brokers, Dorian Boyland, and Kaufman Dolowich ("Defendants"), ostensibly on behalf of a putative class, for alleged violations of both state and federal law. ECF No. 1.

The Court deferred screening Plaintiff's complaint under 28 U.S.C. § 1915 to address "a threshold issue: Plaintiff's characterization of his case as a class action." ECF No. 5 at 1 (citing ECF No. 1 at 2–3). Some four months later, no progress has been made with respect to that threshold issue, and the Court is no closer to being able to screen Plaintiff's complaint as required under 28 U.S.C. § 1915. Over the course of the last four months, the Court has repeatedly put Plaintiff on notice that he cannot proceed pro se on behalf of the putative class. *E.g., id.* at 1–2 (collecting cases); ECF No.

7 at 1–2 (citing ECF No. 5 at 1–2). Despite having been so informed, Plaintiff has continued to seek relief related to proceeding on behalf of a class while pro se—for example, by moving for provisional class certification. *E.g.*, ECF No. 11 at 1. The Court has repeatedly informed him that he has two options: he may either obtain counsel to proceed on behalf of the putative class, or he may amend his complaint to proceed solely on behalf of himself. ECF No. 5 at 2 (granting Plaintiff until July 17, 2024 to choose one of these options); ECF No. 7 at 4 (granting Plaintiff until September 13, 2024 to choose one of these options); ECF No. 10 at 11 (granting Plaintiff until November 22, 2024 to choose one of these options); ECF No. 12 (refusing to extend any additional time within which to choose one of these options).

In its most recent order, the Court denied Plaintiff's motions for reconsideration, for an extension of time, and for provisional class certification. ECF No. 12.

> The Court, having already previously afforded [Plaintiff] additional time within which to [either obtain counsel or amend his complaint to proceed pro se solely on behalf of himself], ECF No. 7 at 4, informed Plaintiff that "[n]o further extension of time will be considered or granted" and that the [f]ailure to timely undertake either of these options will result in dismissal of this case without prejudice and without further notice." ECF No. 10 at 13.
>
> Despite that warning, Plaintiff now moves the Court to reconsider its previous orders, for an extension of time to "[f]ile a notice of appeal in connection with [the Court's] most recent order . . . ," and for "provisional certification" of the putative class under Federal Rule of Civil Procedure 23(b)(3). ECF No. 11 at 1. The Court will deny these motions. Plaintiff's deadline, as set forth in the Court's September 2024 order, ECF No. 10, stands.
>
> . . .

> Plaintiff should consider this his final warning. Should he file any additional motion for an extension of time to either file an amended complaint setting forth his claims on behalf of only himself or to obtain counsel to represent the putative class, the Court will dismiss this action without prejudice without further notice. Similarly, if he submits any filing seeking class certification before having complied with the Court's order to either file said amended complaint or obtain counsel to represent the putative class, the Court will dismiss this action without prejudice without further notice.

*Id*. at 1, 4.

Now before the Court is a forty-five-page omnibus motion filing from Plaintiff. ECF No. 13. The filing seeks to do many things—obtain preliminary injunctive relief, *id.* at 1; vacate a judgment that does not exist, *id.*; obtain additional extensions of time, *id.* at 2; seek a "writ of Attornatio," *id.* at 3; and challenge the notion that Plaintiff cannot proceed on behalf of the putative class, *id.* at 6. Notably, however, it neither includes an amended complaint setting forth Plaintiff's claims solely on behalf of himself, nor demonstrates that Plaintiff has obtained counsel to represent him and the putative class—the only two courses of action from which Plaintiff was authorized by this Court to elect.

In light of all of the foregoing, and as previously warned, the Court will order that this case be dismissed without prejudice. "A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)). The Court has granted Plaintiff various opportunities to move his case forward within the constraints of the law, and it has repeatedly extended his time within which to do so. Nevertheless, this case is no closer to resolution than it was at the time of its filing in June 2024, and the Court has spent more

Page 3 of 4
Case 2:24-cv-00765-JPS    Filed 11/27/24    Page 3 of 4    Document 14

than enough of its limited time parsing Plaintiff's voluminous filings, which fail in large part to comply with the Court's orders.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for failure to comply with the Court's orders; and

**IT IS FURTHER ORDERED** that Plaintiff William Louis Armstrong's motion to appoint counsel, to vacate orders, for preliminary injunction, for extension of time, and for leave to file interlocutory appeal, ECF No. 13, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.